# CHARLESTON.

## HUMPHREYS v. HUMPHREYS.

Submitted September 10, 1888.—Decided November 24, 1888.

1. PARTIES—-TRUSTS AND TRUSTEES—EQUITY—SETTING ASIDE CONVEYANCE.

Where a son holds lands as trustee for his father, to convey to whom the father may direct, and the father directs him to convey it to another, when a certain contract to support him shall be executed and delivered by that other person, and such person by representing to the trustee, that he has executed and delivered such contract, procures the deed to be executed, such conveyance can not be cancelled by a court of equity without having the trustee before the court. (p. 565.)

71

2. PARTIES—TRUSTS AND TRUSTEES—APPEAL—REVERSAL.

> In such case in the absence of the trustee the appellate court will reverse the decree cancelling the deed and remand the cause to have the trustee made a party. (p. 566.)

*W. L. Kee* for appellant.

*L. D. Strader* and *Butcher & Harding* for appellees.

JOHNSON, PRESIDENT:

In May, 1886, Thomas S. Humphreys and wife filed their bill in the Circuit Court of Randolph county to set aside and cancel a certain deed. The bill alleges that several years before the filing thereof the plaintiff, T. S. Humphreys, purchased a tract of land from William Phares and others, containing 449 acres, and that O. C. Humphreys, the son of the plaintiff, assisted him in paying the purchase-money; that by agreement between the said Thomas and his son O. C. Humphreys the land was conveyed to O. C. Humphreys, and the said O. C. Humphreys agreed to convey 219 acres of the land to such person, as the plaintiffs might direct, they at the time intending to have the land conveyed to some one, who in consideration thereof would maintain them during their lives; that they afterwards made an agreement with their son L. D. Humphreys, and having procured a contract in writing binding said son to maintain them, which was, as they thought, signed by said L. D. Humphreys, they instructed said O. C. Humphreys to convey said 219 acres of land to said L. D. Humphreys, when the said contract in writing should be so signed, and the said L. D. Humphreys represented to O. C. Humphreys, that said contract had been reduced to writing and had been signed by him; he thereupon on the 13th day of September, 1883, executed and delivered to said L. D. Humphreys a deed for said 219 acres of land, in which the wife of said O. C. Humphreys joined; that in pursuance of the agreement so made with said L. D. Humphreys they delivered to him possession of the said 219 acres of land, except a part of the mansion-house thereon, in which they lived, and supposed the contract in writing had been duly signed; but to their surprise the said L. D. Humphreys informed them, that the contract had not been

signed, and that he did not intend to sign it, and produced the writing and tore it into a number of pieces and threw it down. The plaintiffs gathered up the pieces and had the writing copied. The copy is exhibited with the bill. They go on to state, that said Thomas is about 80 years old, and his wife a few years younger; that said L. D. Humphreys is very abusive to them and has refused to give them any kind of support; that the representation to said O. C. Humphreys, that he had signed the contract, by which he procured the deed, was a fraud *etc*. The bill prays, that the deed may be cancelled, and, if that can not be done, that the land be sold, and the proceeds applied to their support.

A copy of the deed is exhibited with the bill, and it has no covenant for the support of T. S. Humphreys and wife. The contract, which bears the same date with the deed, provides, that L. D. Humphreys in consideration of the conveyance, to which Thomas S. Humphreys and wife had consented, agreed with them, that they should " have a comfortable support from the proceeds of said tract of land during the natural lives of themselves or the survivor of them ; and that they should have the privilege of keeping upon said tract of land one cow, one horse and six head of sheep ;" and that in default of a proper support they were to have full possession of one half of said 219 acres of land, provided one half was sufficient for the purpose, and, if not, such part as would be necessary. This contract has no signature.

L. D. Humphreys, the only defendant, answered the bill. He in general terms denies all fraud ; admits that the 219 acres of land were held by O. C. Humphreys for the use of the plaintiffs ; avers that they had, before the land was conveyed to him, entered into a contract with his brother, L. D. Humphreys, for their support, in consideration of which it was agreed that the 219 acres should be conveyed to him ; that O. C. Humphreys refused to convey the land to L. D. Humphreys, and the latter brought a chancery suit against him to compel the conveyance; that, in the early part of the year 1883, L. D. Humphreys proposed to respondent to sell to him his contract or to take his place, and that he agreed to pay him $200.00 and take his place, his parents consenting thereto ; that it was agreed that he would " com-

fortably maintain and support his said father and mother during their natural lives, and permit them to keep on said land the stock, which they then owned, consisting of one cow, one horse and six head of sheep; and it was further agreed between respondent, L. D. Humphreys, and his said father and mother, that in default of respondent keeping and maintaining his parents and their stock aforesaid they, the said Thomas S. Humphreys and wife, should have the use and possession during their lives of such portion of said land as might be necessary for their comfortable maintenance, not to exceed however one half of said 219 acres; that said contract was not reduced to writing, nor was it suggested or requested by his said parents or the said L. D. Humphreys or either of them at that time or any time thereafter, that said contract should be reduced to writing, or a maintenance-bond or any such writing should be executed by said respondent for the maintenance of his said parents; that respondent, after having entered into said agreement, communicated the same to O. C. Humphreys, who consented to execute to respondent such a deed of conveyance for said 219 acres of land, as the said L. D. Humphreys and his said parents might direct; that soon thereafter the said L. D. Humphreys and Thomas S. Humphreys instructed their attorney, L. D. Strader, who was prosecuting their suit against O. C. Humphreys, to draw the deed for the said 219 acres from O. C. Humphreys to L. D. Humphreys, the respondent, which was drawn as directed by them; that they made no reservation in said deed, nor requested the execution of any bond by respondent; and said deed was presented to O. C. Humphreys to be executed by him, whereupon he, the said O. C. Humphreys, presumed without the knowledge, request or authority of his parents and the said L. D. Humphreys to require of the respondent the execution of a bond for the maintenance of his said parents, and to procure the said Strader to draft such an instrument in writing, of which Exhibit B, filed with the bill, purports to be a copy.

He admits that said copy is substantially the same as the verbal agreement made with his parents by said L. D. Humphreys, but denies that it was by them required to be

in writing; and denies that the execution of such agreement was any part of the consideration for said deed. He denies that he ever executed such writing, or promised to do so, and denies that he made any fraudulent representations whatever to procure said deed. He avers that he has fully complied with his verbal agreement, and that he set off about half of said land for his parents in accordance with their demand, and that by this action on their part he is entirely absolved from any duty to support them.

A number of depositions were taken, and it is clearly proved, that O. C. Humphreys held the 219 acres in trust for his father to convey to any one whom his father might designate; that it was agreed that L. D. Humphreys should execute a written contract, at the same time the deed was to be executed, binding himself to support his father and mother, and that O. C. Humphreys supposed such contract had been signed by L. D. Humphreys and delivered to his father; and on the representation, that it had been so signed and delivered to his father, made by L. D. to O. C. Humphreys, and which representation was false and fraudulent, O. C. Humphreys was misled, and executed the deed.

The court on a hearing on the 30th day of May, 1887, of the bill, exhibits, answer, replication and depositions cancelled the deed and directed L. D. Humphreys to convey the land to his father, and in default required a commissioner thereby appointed to execute the same and gave costs to plaintiff. From this decree L. D. Humphreys appealed.

L. D. Humphreys makes a bad showing in this record both as to filial duty and honesty. There is no doubt, he did make a false and fraudulent representation to his brother, O. C. Humphreys, whereby the latter was induced to convey to him the 219 acres of land. There is no doubt from this record that O. C. Humphreys, the admitted trustee of his father to hold said land, committed a breach of his trust in conveying the land without first having received, or knowing that his father had received, from L. D. Humphreys the written contract, with same date of the deed binding him to support his father and mother. We regret we can not, as the record now is, do what justice demands in this case; but without violating law we can not cancel and set

aside a deed made by a trustee without having the trustee before the court.   O. C. Humphreys should be a party to the suit.   The plaintiffs will have to amend their bill and make the additional party, and the bill should allege more clearly, that the contract was to have been not only signed but delivered to Thomas S. Humphreys before the deed was executed or at the same time.   The decree must be reversed with costs, and the cause remanded for further proceedings.

REVERSED.   REMANDED.